## Leser Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Otto W. Woltersdorf* and *Arno P. Mowitz*, of *Mowitz & Kohlas*, for exceptants.

*Donald E. Hogeland*, contra.

SAYLOR, J., May 20, 1960.—The question to be decided is whether decedent, an American citizen, was domiciled in Philadelphia or in Germany when he died there on October 20, 1926. By a codicil to his will he bequeathed his residuary estate to a Philadelphia charity and to several charities in Germany. The codicil was executed in Berlin on October 6, 1926. Under German law the will and the charitable bequests are valid. Under Pennsylvania law the latter was void, because the codicil was executed within 30 days of testator's death.

On March 24, 1919, decedent, then a physician licensed to practice in Pennsylvania, executed his last will while a resident of Philadelphia. Prior to May 16, 1922, decedent sold his house at 1422 Venango Street, gave up his doctor's practice and on that date removed with his wife to Berlin, Germany. He never returned to the United States.

The will and codicil were probated on December 3, 1926, in the Office of the Register of Wills of Philadelphia County and letters of administration c. t. a. were granted, the widow, Lotta L. Leser, who was named executrix in the will, having renounced. She died December 18, 1926, following her return to this country.

The account of the administrator c. t. a. was adjudicated by Judge Gest on October 4, 1927, and the estate was awarded to Girard Trust Company, now

Girard Trust Corn Exchange Bank, which had been named as trustee in the codicil. The estate was thereafter held in trust during the lives of two life tenants. There was a trustee's account adjudicated on January 28, 1936.

In adjudicating the trustee's second account, filed upon the death of the surviving life tenant on June 9, 1959, Bolger, J., found that decedent was domiciled in Pennsylvania and that the gifts in remainder to the designated charities are void. Awards were made to the administrator of the estate of Lotta Leser and to decedent's heirs. Counsel for the various charities filed exceptions.

The record shows that while resident in Berlin on February 6, 1924, decedent applied to the American Consulate General for a renewal of his passport. In the application he stated:

"I desire to remain a citizen of the United States and I intend to return thereto permanently to reside and perform the duties of citizenship within two years . . .".

He stated also that his legal domicile was in the United States and his permanent residence was at Philadelphia.

On March 24, 1926, decedent again applied for passport renewal and stated that his legal domicile was in the United States and his permanent residence was in Berlin, Germany. He then reaffirmed his desire to remain a citizen of the United States and his intention "to return thereto permanently to reside and perform the duties of citizenship within____(months or years) or when my wife's health will permit sea voyage."

Concerning these declarations exceptants make much of the fact that decedent named Berlin as his permanent residence in the last of the declarations. They do not give much credence to the statement as

to domicile. They cite Reighard Estate, 381 Pa. 304 (1955), and quote from it, page 307:

" 'In the law of domicile, the intent is the actual state of facts, not what one declares them to be.' "

Clearly, we can not take decedent's two declarations of his intention to return to the United States as other than honest statements of his intentions, nor the naming of his domicile as an untruth lightly stated for passport renewal purposes.

The Registration Bureau of the President of Police in Berlin has on record the fact that decedent was registered as in residence in Berlin from December 19, 1922, to October 20, 1926, the date of his death.

The record also shows that when decedent sold his house in Philadelphia he deposited with the Girard Trust Company a sum of money under an agency account. This amount constitutes the entire estate and is the subject of the present accounting.

The Supreme Court in considering the question of a decedent's place of domicile held in Dorrance's Estate, 309 Pa. 151 (1932), at page 173, as follows:

"One of the most satisfactory definitions of domicile is that stated by Story in his 'Conflict of Laws': 'By the term domicile in its ordinary acceptation is meant the place where a person lives or has his home. In a strict legal sense that is properly the domicile of a person where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning.', To acquire a domicile of choice two things must concur: '(1) Physical presence in the place where domicile is alleged to have been acquired; (2) Intent to make that place the home of the party': Goodrich 'Conflict of Laws', page 30; Carey's App., 75 Pa. 201; Fry's Election Case, 71 Pa. 302. 'If the intention of permanently residing in a particular place exists, a residence in

pursuance of that intention, however short, will establish a domicile': Price v. Price, [156 Pa. 617], supra."

There is no question that except for tours in Europe, decedent lived continuously in Berlin after leaving the United States and had there what in 1926 he considered his permanent residence. But there is nothing in the record to show that he had at any time an intent to make Berlin his domicile.

"To accomplish a change of domicile there must be not only the *animus* to change but the *factum* as well. There must be an actual transfer of bodily presence from one place to the other. The *animus* and the *factum* do not need to be simultaneous, but until they coincide the change of domicile is not effected": Lesker Case, 377 Pa. 411 (1954), at page 419. (Italics the court's).

There is a heavy burden on one who seeks to prove a change of domicile. It requires more evidence to establish a new domicile than to prove the continuation of a domicile. Unquestionably decedent's domicile of origin was Pennsylvania. That must be presumed to have continued until another domicile is affirmatively proved: Pusey's Estate, 321 Pa. 248 (1936).

In the face of decedent's declarations at Berlin, the last of which was made within seven months of his death, we cannot conclude that exceptants have successfully carried the burden of proving that decedent had decided to change his domicile or to give up his intention of returning there for permanent residence.

In our opinion the fact that decedent before leaving Philadelphia established here an agency account at the very trust company which he named in his codicil as his trustee, and the fact that such trustee, the Girard Trust Corn Exchange Bank, is a Pennsylvania corporation, support the conclusion of the auditing judge. See A. L. I. Restatement of Conflict of Laws, §298, p. 380.

In summary, had decedent considered himself as a domiciliary of Germany he would have given evidence of such an intent. We find none in the record. Moreover, had he wanted the provisions of his will and codicil to be executed under German law, he would have shown an intention that the trust should be administered in Germany. This he did not do.

For these reasons, the exceptions are dismissed and the adjudication is confirmed.